FILED
03 JAN -3 AM 8:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES P. SMITH, as father and next )
friend of LAURA BROOKE SMITH, )
a minor, )
                                      )
        Plaintiff, )
                                      )
vs. )  CIVIL ACTION NO. 02-RRA-0044-S
                                      )
THE CITY OF VESTAVIA HILLS )
BOARD OF EDUCATION, et al., )
                                      )
        Defendants. )

ENTERED
JAN 03 2003

## MEMORANDUM OF OPINION

      According to the complaint, Vestavia High School requires one credit of physical education per year. Cheerleading is designated as academic course 518, and provides one credit per year. Laura Brooke Smith participated in cheerleading tryouts on or about April 5, 2001. She was not selected, and consequently was not allowed to enroll in course 518. Some students, including Laura, were disadvantaged in several ways. The complaint further alleges that no other "sport" which is assigned academic credit requires teacher approval. The plaintiff asserts that he has been unable to obtain copies of Laura's written evaluations from her teachers, the names and addresses of the judges who conducted the tryouts, or "copies of the minutes of the meeting(s) in which a change in policy of the Vestavia Board of Education occurred." *Complaint*, ¶ 26.

      The plaintiff's claims are presented in four counts. Count I asserts §1983 claims, based on alleged violations of the Fifth and Fourteenth Amendments; Count II, negligence; Count III,



respondeat superior liability against the Board of Education; Count IV, Title IX violations; and Count V, that the Board violated §36-12-40 of the Code of Alabama. Altogether, the plaintiff seeks compensatory damages, punitive damages, injunctive relief, and attorney's fees.

Before the court is the defendants' motion to dismiss, the defendants' brief in support thereof, the plaintiff's response in opposition, and the defendants' reply. The defendants assert numerous grounds in support of their motion to dismiss, the most fundamental of which is that of res judicata. If the defendants prevail on this issue, there is no need to discuss the other grounds.

<u>Res Judicata</u>

The claims and the parties in the instant case are the same as those in a previous case filed in this United States District Court, *James P. Smith, as father and next friend of Laura Brooke Smith, a minor, v. City of Vestavia Hills Board of Education, et al.*, CV-01-J-1366-S. On October 29, 2001, District Judge Inge Johnson dismissed that case, without prejudice. Her order stated:

> This case is before the court because of the parties' failure to submit a timely report of the parties' planning meeting in accordance with Local Rule 26.1.
> The court finding that the complaint in this case was filed on May 25, 2001, and the plaintiff having taken no action since that time and the court therefore finding that the plaintiffs have failed to prosecute this matter;
> It is therefore ORDERED by the court that this case is hereby DISMISSED WITHOUT PREJUDICE due to the plaintiff's failure to prosecute. The plaintiff is given leave to have this case reinstated upon a proper showing of the reason for plaintiff's failure.

*Defendants' Brief*, Exhibit 1.[1] (Judge Johnson had even set two trial dates.)

---

[1] In support of their motion to dismiss, the defendants attached a copy of Judge Johnson's order. The plaintiff has not interposed as an objection to that order, that the defendants' motion is not a summary judgment motion and therefore the defendants should not have submitted any evidentiary material. Because of this failure to object and because it is not seen where the plaintiff could be prejudiced by the court's consideration of that exhibit, it will be considered. (If, however, the plaintiff thinks differently, he should

2

The defendants contend that "despite the court's purported dismissal without prejudice, the dismissal constituted an adjudication on the merits." *Defendants' Brief*, pg. 20. Rule 41(b) does indeed provide that a dismissal for want of prosecution "operates as an adjudication upon the merits," but only if not "otherwise specified in the [dismissal] order." Judge Johnson's order specified that the dismissal was without prejudice. Therefore, the dismissal did not operate as a dismissal on the merits. In fact, the order provided for *reinstatement* of the case, if the plaintiff made "a proper showing of the reason for [his] failure" to submit a timely report of the parties' planning meeting.

On December 19, 2001, the plaintiff filed a motion to reinstate. On January 3, 2002, after consideration of the parties' written submissions in support of and in opposition to the motion to reinstate, Judge Johnson denied the motion. The order stated:

> The plaintiff having filed a motion to reinstate (doc.14), the defendants having filed a response thereto (doc.16) and the court having considered said motion and response, the court finds that said motion is due to be denied for the reasons set forth in the defendants' response to said motion.
> It is therefore **ORDERED** by the court that said motion be and hereby is **DENIED**.

On January 7, 2002, the present action was filed.[2]

Although Judge Johnson's January 3, 2002 order denying reinstatement did not specify that the previous dismissal became a dismissal with prejudice, it is believed that her denial of the

---

inform the court, and the plaintiff will be given an opportunity to submit evidence on the res judicata issue.)

[2] Copies of the plaintiff's complaint in the previous case, Judge Johnson's orders setting the case for trial, the plaintiff's motion to reinstate, the defendant's opposition to the motion to reinstate, and the court's denial of the motion to reinstate will be entered in the file of this case and made a part of the record. (Again, if the plaintiff thinks he is prejudiced by not knowing that the court would consider these documents, he should inform the court and he will be given an opportunity to respond.)

plaintiff's motion to reinstate had that effect. Clearly, dismissing the plaintiff's case *without prejudice* was to give the plaintiff the opportunity to return to court and present good cause for what the court judged to be the plaintiff's failure to prosecute his case. Instead of appealing Judge Johnson's rulings, the plaintiff filed a new, identical action, the one now before the undersigned. The plaintiff having failed to convince Judge Johnson that he should be allowed to reopen his previous case, he may not bypass her decision by filing another lawsuit.

Conclusion

For the reasons stated above, it is concluded that the defendants' motion to dismiss on the basis of res judicata is due to be granted and this case dismissed. An order in accordance with this memorandum of opinion will be entered.

DONE this 3rd day of January, 2003.

/s/ Robert R. Armstrong
Robert R. Armstrong, Jr.
United States Magistrate Judge